BILAL A. ESSAYLI
Acting United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JASON C. PANG (Cal. Bar No. 296043)
Assistant United States Attorney
Transnational Organized Crime Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2652
     Facsimile: (213) 894-0141
     E-mail:    Jason.Pang@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-533(A)-RGK |
|---|---|
| Plaintiff, | [PROPOSED] SUPPLEMENTAL RELIABILITY FINDING |
| v. | [276] |
| JAZZMON UNIQUE RUSSELL, aka "Jazzman Unique Russell," aka "Jasmine Russell," | |
| Defendant. | |

On October 27, 2025, the Court held a hearing on "the reliability of STRmix, as well as whether the lab's validation procedures indicate that the methodology was reliably applied in this case." (Dkts. 248-50.) The Court, having witnessed the trial and familiar with the record in this case, including but not limited to the briefs filed by both sides in advance of the October 27 hearing, the trial testimony of Los Angeles Sheriff Department ("LASD") Senior Criminalist Ellen Andrews ("Andrews"), and the declaration and records submitted by defendant's DNA expert, Theron L. Vines, finds as follows:

1. Andrews is qualified to testify as an expert on DNA analysis and STRmix based on her qualifications she testified to at trial, including her education, training, and experience, which exceeds the common knowledge of an "average layman." See United States v. Holguin, 51 F.4th 841, 854 (9th Cir. 2022) ("Law enforcement professionals are routinely qualified to offer expert testimony based on their training and experience."); Dkt. 151.

2. Defendant, through his DNA expert, concedes that "STRmix [is] a highly respected and reliable scientific methodology for DNA analysis." (Dkt. 265, Declaration of Theron L. Vines III, ¶ 19.) Defendant, through his DNA expert, also concedes that "STRmix was validated at the Sheriffs Dept lab for up to four contributors." (Id., ¶ 25.) Likewise, defendant does not challenge the government's arguments that the quantity of DNA in the relevant samples was sufficient or that defendant was the predominant contributor to those samples. Compare Dkt. 257 at 14-17 with Dkt. 265. Accordingly, the Court finds that the government has met its threshold burden under Daubert that Andrews reliably applied STRmix to the relevant DNA samples in this case.

3. In making the threshold finding that Andrews' expert testimony is admissible under Daubert, the Court does not address issues relating to the accuracy or weight of Andrews' opinions. See United States v. Magana-Gonzalez, 781 F. App'x 615, 616 (9th Cir. 2019) ("the judge is supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable") (citation omitted). Therefore, the Court does not address defendant's challenges attacking the accuracy or weight of

Andrews' opinions, including arguments relating to PowerPlex Fusion 6C or the collision event.[1]

4.  An evidentiary hearing was not required for the Court to exercise its gatekeeping function because the parties submitted extensive briefing and oral argument, and defendant cross-examined Andrews at trial.  See Holguin, 51 F.4th at 852 ("We have consistently held that Daubert hearings are 'not required'" and, instead, "[t]he district court's gatekeeping can be performed through numerous procedures – such as motion in limine briefing and oral argument, voir dire, and cross-examination at trial") (cleaned up).

These findings supplement the Court's findings made from the bench at the hearing on October 27, 2025.

IT IS SO ORDERED.

10/28/2025
_____
DATE

_____
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

      /s/
_____
JASON C. PANG
Assistant United States Attorney

---

[1] At trial, Andrews testified that she "conduct[ed] DNA analysis on four forensic samples in this case" and "compared three of the profiles to the reference sample from the defendant."  (Dkt. 151 at 51-54.)